<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HERMAN WORD,              :
                          :
    Plaintiff,            :    Civil No. 06-2758 (AET)
                          :
    v.                    :    **<u>MEMORANDUM AND ORDER</u>**
                          :
JOHN E. POTTER, as POSTMASTER  :
GENERAL,                  :
                          :
    Defendant.            :
                          :

<u>THOMPSON, U.S.D.J.</u>

INTRODUCTION

    This matter comes before the Court on behalf of Defendant John E. Potter's Motion for Summary Judgment [16]. The Court has decided this motion based upon the submissions and oral arguments of the parties on February 28, 2008. For the reasons stated below, Defendant's motion is granted.

BACKGROUND

    On June 19, 2006, Plaintiff Herman Word filed a Complaint alleging employment discrimination under the Rehabilitation Act, 29 U.S.C. § 794 (a), Title VII of the Civil Rights act of 1964, 42 U.S.C § 2000e-16. Plaintiff, a United States Postal Service ("USPS") employee, alleges that he has suffered discrimination based on race, physical disability, and mental disability. Specifically, Plaintiff claims that he was denied overtime opportunities, arbitrarily sent home from work, and that his supervisors intentionally aggravated his anxiety syndrome.

1

(Pl.'s Br. 2-3.) Plaintiff asserts that he has suffered and sustained emotional upset and physical impairments. (Compl. ¶ 5.)

Since 1985, Plaintiff has been employed by the USPS. During his employment in the 1980s, Plaintiff sustained an injury to his back. Following surgery, Plaintiff was left with physical limitations, including not being able to lift more than fifty (50) pounds at a time. Subject to this restriction, Plaintiff was able to perform all of his work-related duties.

Since April 2005, Plaintiff has worked at the USPS in Trenton as a combination driver. His job duties include driving a two-ton mail-truck, relaying mail bags for letter carriers, and delivering parcel post packages to postal customers. On the date of the alleged discrimination, May 10, 2005, Plaintiff did not have his own delivery route. However, when an employee had a day off from work, Plaintiff would substitute and deliver the route.

On May 10, 2005, three USPS employees, all of whom had been stationed at the Trenton location in February and March of 2005, were temporary supervisors of the Plaintiff: Eric L. Thomas, Tonya M. Bailey and James L. Lytle. On that morning, Supervisors Bailey and Thomas asked Plaintiff about parcel post packages that they understood he had brought back to the Trenton location the day before. Plaintiff responded that he did not bring any packages back. Plaintiff then claims that Supervisor Thomas started loading packages onto his truck beyond what Plaintiff felt he could deliver that morning.

After returning from his rounds, Plaintiff testified that Supervisor Bailey asked him how much mail he thought he could deliver, because she wanted to give the remainder to another employee. After responding that he was not sure how much he could deliver, Plaintiff reminded Supervisor Bailey that he was a "floater" on the route and therefore could not be as precise as a

regular carrier.

Shortly thereafter, Supervisor Thomas inspected Plaintiff's truck and found parcels that had not yet been delivered. Supervisor Thomas instructed Plaintiff to deliver the rest of the parcels. Plaintiff asserts that at this point, he felt intimidated by Supervisor Thomas's tone, and sought a union shop steward. After unsuccessfully attempting to locate a union shop steward, Plaintiff asked Supervisor Thomas if his electronic punch-card had been downloaded. Plaintiff claims that Supervisor Thomas responded, "I don't know, that's not my job," to which Plaintiff replied, "I guess you don't know anything." Supervisor Thomas then told Plaintiff to leave the building, and go home.

Following the incident on May 10, 2005, Plaintiff did not return to work. On May 12, 2005, Plaintiff applied for federal worker's compensation benefits to the United States Department of Labor, Office of Workers' Compensation Programs ("OWCP"), claiming that he sustained an on-the-job emotional injury from his encounter with Supervisor Thomas on May 10, 2005. On November 7, 2005, the OWCP issued a decision denying Plaintiff's claim for worker's compensation benefits on the grounds that the events claimed by Plaintiff were non-compensable work factors not covered by the Federal Employees' Compensation Act. Plaintiff filed for reconsideration, which was denied.

On May 31, 2005, Plaintiff contacted a counselor from the Equal Employment Opportunity Commission ("EEOC"), and filed a form regarding his alleged discrimination. On August 4, 2005, After investigating the alleged discrimination, the EEOC counselor advised Plaintiff of his right to file a formal written EEOC complaint. On August 22, 2005, Plaintiff filed with the USPS a formal administrative "EEOC Complaint of Discrimination in the Postal

Service."

On September 23, 2005, the USPS's EEOC Compliance and Appeals office notified Plaintiff that it had received his complaint. On March 17, 2006, Plaintiff's complaint was dismissed on the ground that Plaintiff had failed to prove that he had been subjected to discrimination. On June 19, 2006, Plaintiff filed a Complaint in this Court. On November 9, 2007, Defendant filed this Motion for Summary Judgment.

## APPLICABLE LAW

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323; Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 414 (3d Cir. 1999). The moving party may cite to the pleadings, depositions, answers to interrogatories, and admissions on file, to demonstrate that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. Lawyers Title Ins. Corp. v. Philips Title Agency, 361 F. Supp. 2d 443, 446 (D.N.J. 2005). "When the moving party has pointed to material facts tending to show there is no genuine issue for trial, the 'opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" Rossi v. Standard Roofing, Inc., 156 F.3d 452, 466 n.9 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). If, however, the nonmoving party fails to offer evidence exceeding a "mere scintilla" threshold, then the Court shall grant summary judgment in favor of the movant. See, e.g., Citibank, N.A . v. Hicks, No. Civ.A. 03-2283, 2004

WL 945142, at *6 (E.D. Pa. Apr. 29, 2004).

To prevail under the Rehabilitation Act, 29 U.S.C. § 794 (a), Title VII of the Civil Rights act of 1964, 42 U.S.C § 2000e-16, a federal employee must demonstrate that he was the subject of purposeful, intentional discrimination. Weldon v. Kraft, Inc. 896 F.2d 793, 796 (3d Cir. 1990). To prevail on a claim for discrimination, Plaintiff must satisfy the three-step burden shifting inquiry articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  First, plaintiff has the initial burden of establishing a *prima facie* case of discrimination by showing that: (1) he is a member of a protected class, (2) he was qualified for the position, promotion, or employment benefit at issue, (3) and he suffered an adverse employment action.  Id.  If Plaintiff succeeds in making out a *prima facie* case, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection."  Burdine, 450 U.S. at 225; McDonnell Douglas, 411 U.S. at 802.  Once the defendant has articulated a justification for the adverse action, the plaintiff must then prove that the "legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000).

## DISCUSSION

In his Complaint, Plaintiff asserts that Defendants purposefully aggravated his "anxiety syndrome," and that Plaintiff's supervisors were aware of his condition.  Plaintiff claims that, as a result, his anxiety kept him out of work until November 2005. In order to do show a disabling mental impairment within the meaning of the Rehabilitation Act, Plaintiff must provide evidence that he was "substantially limited in some major life activity" because of a disabling mental impairment at the time of the allegedly discriminatory conduct.  Toyota Motor Mfg., Ky., Inc. v.

5

Williams, 534 U.S. 184, 195 (2002).  However, the Court finds that Plaintiff has failed to provide any evidence that shows a disabling mental impairment within the meaning of the Rehabilitation Act.  Plaintiff has not produced any evidence that his supervisors were aware of a disabling condition.  Moreover, Plaintiff makes conclusory assertions that his "mental disability was general information throughout the department, including all supervisors" that are not supported by any evidence.

Additionally, Plaintiff claims that he has suffered discrimination as a result of his alleged physical disability.  Plaintiff testified that he was restricted to lifting fifty (50) pounds at any one time.  (Def.'s Statement of Material Facts ¶ 2; Ex. P. 41-45, 71-72.)  However, weightlifting restrictions do not constitute a "disability" within the meaning of the Rehabilitation Act.  Marinelli v. City of Erie, 216 F.3d 354 (3d Cir. 2000).  Plaintiff has not demonstrated a "physical disability" within the meaning of the Rehabilitation Act, and therefore, no genuine issue of material fact exists with regard to Plaintiff's discrimination claim based on physical disability.

Further, Plaintiff asserts that he has suffered racial discrimination because he was denied overtime opportunities that he claims other employees were offered.  However, Plaintiff has not rebutted, nor even addressed, Defendant's evidence showing that he was not subjected to disparate or adverse treatment as to overtime opportunities during the relevant period. Defendants have shown that Plaintiff, like other drivers at the USPS, had a mixture of: (1) regular eight-hour work days with no overtime, (2) eight-hour workdays plus some overtime, (3) full-day overtime on "rest days," (4) days with some work time, some leave time, and no overtime, and (5) full days of no work. (Def.'s Statement of Material Facts ¶ 6, 20; Ex. P. 30, 33-35; Thomas Decl. ¶¶ 7, 13.)  Defendant has articulated a legitimate justification for the

alleged adverse action, yet Plaintiff has not shown that others similarly situated, not in a protected group, received better treatment.  Under the standard for proving discrimination, once the defendant has articulated a justification for the adverse action, the plaintiff must then prove that the "legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Reeves, 530 U.S. at 143.  As a result, Plaintiff has not raised any genuine issue of material fact to rebut Defendant's legitimate nondiscriminatory explanations.  The Court finds that Plaintiff's submissions do not raise any genuine issue of material fact, and therefore, summary judgment in favor of Defendant is granted.

## CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 28th day of February 2008,

ORDERED that Defendant's Motion for Summary Judgment [16] is GRANTED; and it is further

ORDERED that this case is closed.

                                                s/ Anne E. Thompson
                                          ANNE E. THOMPSON, U.S.D.J.